**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | No. CR 97-855 TUC JMR |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Mark Lawrence Peterson, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before this Court is the government's petition to modify the conditions of Defendant's supervised release to add the condition that Defendant abstain from drinking alcohol and enroll in a substance abuse treatment program.

**I.     BACKGROUND**

The probation officer made the following observations regarding Defendant's alcohol use: (1) a blood-alcohol level ("BAC") of .016 on November 25, 2003, (2) a BAC of .084 on March 24, 2004, (3) beer can debris on the grounds of Defendant's home on March 24, 2004 (24 cans on grounds where Defendant lives alone), (4) beer can debris on the grounds of Defendant's home on February 16, 2005, (5) a BAC of .05 on April 4, 2005, and (6) a BAC of .113 on June 28, 2005.  In addition to these observations, the PSR revealed the following information: (1) a conviction for driving under the influence of alcohol on March 2, 1970, (2) an arrest for driving under the influence of alcohol (BAC of .189) on May 28, 1990, and

(3) an arrest for driving under the influence of alcohol on August 18, 1996. Defendant was presented with a Waiver and Order to add a condition prohibiting alcohol consumption, but he chose not to sign that waiver.

One existing condition of Defendant's supervised release is that he "work regularly at a lawful occupation." However, because Defendant suffers from various health conditions, including hepatitis C, he is unable to work full-time. His doctor has advised Defendant that his condition cannot be treated unless Defendant stops consuming alcohol. However, Defendant argues that his condition will go untreated even if he stops drinking because he refuses to allow the Veteran's Hospital to perform a needed liver biopsy.

On September 23, 2005, Magistrate Judge Duncan, after an evidentiary hearing, issued a report and recommendation. Judge Duncan recommends that this Court deny the government's petition because the government has failed to show that the condition is reasonably related to one or more of the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), (a)(4), (a)(5), (a)(6), and (a)(7). The government filed objections to the report in whole and Defendant filed a response to the government's objection.

## II.   DISCUSSION

A district court shall conduct a de novo review of those parts of an R&R to which objections are filed. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). The district court may either accept, reject, or amend all or any portion of the R&R. *Id.* After a de novo review of the petition, the transcript of the evidentiary hearing, the objections to the report and recommendation filed by the government, Defendant's response to the government's

objections, and the pre-sentence report ("PSR"), this Court does not adopt the report of the magistrate judge.

"A district court has discretion to order special conditions of supervised release pursuant to 18 U.S.C. § 3583(d), if the conditions are reasonably related to the factors set forth in 18 U.S.C. § 3553(a)."  *United States v. Gallaher*, 275 F.3d 784, 793 (9th Cir. 2001). Among those factors is the need "to protect the public from further crimes of the defendant" and the need "to provide the defendant . . . medical care, or other correctional treatment in the most effective manner . . . ."  18 U.S.C. § 3553(a)(2)(C) & (D); *see also United States v. Johnson*, 998 F.2d 696, 697 (9th Cir. 1993) (noting that a condition need not be related to all the factors listed in 18 U.S.C. § 3553(a) so long as it is related to some).

In addition to the fact that Defendant periodically comes to the attention of law enforcement for alleged drunk driving, Defendant is currently unable to hold full-time employment due to his medical condition.  His statement that he would choose not to seek medical attention for that condition is immaterial.  It is certain that Defendant *cannot* be treated so long as he is consuming alcohol.  Therefore, abstention is necessary to allow him to receive medical care in the most effective manner.  Furthermore, Defendant's lack of income may lead him to resort back to criminal activity.  It is in the public interest for Defendant to obtain full-time employment.  He cannot do this unless he abstains from alcohol.

Accordingly,

**IT IS ORDERED** that the September 23, 2005 Report and Recommendation is

rejected, and the government's petition (Doc. No. 113) is **GRANTED**.

**IT IS FURTHER ORDERED** that for the remaining period of Defendant's supervised release, he shall participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for substance abuse. He shall contribute to the cost of treatment in an amount to be determined by the probation officer.

**IT IS FURTHER ORDERED** that for the remaining period of Defendant's supervised release, he shall abstain from all use of alcohol or alcoholic beverages.

DATED this 5th day of December, 2005.

_____
John M. Roll
United States District Judge